UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
THE TRAVELERS INDEMNITY COMPANY,

                                    Docket No.: 26-CV-5515

                Plaintiff,

        -against-

FALLS LAKE NATIONAL INSURANCE COMPANY,

                Defendant.
-------------------------------------------------------------------X

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, THE TRAVELERS INDEMNITY COMPANY ("Travelers"), and for its Complaint for Declaratory Judgment against Defendant, FALLS LAKE NATIONAL INSURANCE COMPANY ("Falls Lake"), alleges upon information and belief as follows:

### Nature of the Action

1. Travelers is providing a defense to Rivco Construction LLC ("Rivco"), JRM Construction Management, LLC ("JRM"), and IEX Group, Inc. ("IEX") in a lawsuit entitled *Kendra Williams v. 3 World Trade Center LLC, et al.,* in the Supreme Court of the State of New York for the County of New York which was assigned Index No. 156261/2021 (the "Underlying Action").

2. In the instant action, Travelers seeks a declaration that Falls Lake is obligated to defend and indemnify Rivco, JRM and IEX in the Underlying Action, as additional insureds under a policy of insurance issued by Falls Lake, on a primary and non-contributory basis, and that Travelers is entitled to judgment for all defense and indemnity costs incurred on behalf of Rivco, JRM and IEX in said action.

### Parties

1

3. At all times relevant hereto, Travelers was and is a Connecticut corporation licensed and authorized to write insurance and conduct business in the State of New York with a principal place of business in Hartford, Connecticut.

4. Upon information and belief, at all times relevant hereto, Falls Lake was and is a company organized under the State of North Carolina with its principal place of business in Raleigh, North Carolina.

## Jurisdiction and Venue

5. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. section 1332 and 28 U.S.C. Section 2201.

6. In the Underlying Action, Kendra Williams (the "Claimant") seeks recovery for alleged personal injuries including but not limited to: severe and permanent internal derangement of the lumbosacral spine, including lumbar radiculopathy confirmed by NCV/EMG, disc bulging and/or herniations at L4-5, L3-4, with facet hypertrophy at L5-S1, pain radiating to the bilateral sides, bilateral hips, and bilateral legs, tenderness to palpation at Ll-Sl levels bilaterally with muscle spasm; intraspinal synovial cyst with the left ligamentum flavum; spinal stenosis at L4-5; asymmetric L4 foraminal stenosis, right more than left, L4-5 spondylolisthesis and L5-S1 spondylolisthesis, lumbar radiculopathy, facet arthropathy, low back pain, all of which has required multiple lumbar epidural steroid injections, all of which is causing pain, tenderness, spasm, weakness, loss of range of motion, numbness, and tingling, all of which required surgical intervention on April 18, 2022. Therefore, the purported value of the Underlying Action exceeds $75,000.00.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial

part of the events giving rise to this claim occurred here.

8.      An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by Defendant Falls Lake.

9.      Plaintiff Travelers has no adequate remedy at law.

## Policies

10.      Defendant Falls Lake issued to Island Taping, Inc. ("Island Taping") a policy of Commercial General Liability insurance bearing policy number FLNGL220185 with effective dates of 1/31/18 to 1/31/19 (the "Falls Lake Policy").

11.      Subject to certain terms, conditions, and exclusions, the Falls Lake Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

12.      The Falls Lake Policy contains an ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – SCHEDULED PERSON OR ORGANIZATION endorsement (CG 20 10 04 13) which provides, in relevant part:

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

### SCHEDULE

| Name Of Additional Insured Person(s) or Organization(s) | Location(s) Of Covered Operations |
|---|---|
| Blanket as Required by Written Contract. Any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy including any other person or organization you are required to add as an additional insured under a written contract or agreement. | Where Required by Written Contract. |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. | |

3

A. **Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

1. Your acts or omissions;

or

2. The acts or omissions of those acting on your behalf;

In the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.

13.     The Falls Lake Policy further contains a PRIMARY AND NONCONTRIBUTORY – OTHER INSURANCE CONDITION endorsement (CG 20 01 04 13) which provides, in relevant part:

This endorsement modifies insurance provided under the following:

> COMMERCIAL GENERAL LIABILITY COVERAGE PART
> PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

The following is added to the **Other Insurance** Condition and supersedes any provision to the contrary:

**Primary and Noncontributory Insurance**
This insurance is primary to and will not seek contribution from any other insurance available to an additional insured under your policy provided that:
(1) The additional insured is a Named Insured under such other insurance; and
(2) You have agreed in a writing in a contract or agreement that this insurance would be primary and would not seek contribution from any other insurance available to the additional insured.

14.     The Falls Lake Policy provides additional insured coverage to Rivco, JRM and IEX on a primary and non-contributory basis.

15.     Travelers issued to Rivco a policy of Commercial General Liability insurance bearing policy number D-CO-7E306811-IND-18 with effective dates of 7/12/18 to 7/12/19 (the "Travelers Policy").

16.     Subject to certain terms, conditions, and exclusions, the Travelers Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an

4

accident.

17.    The Travelers Policy contains excess "other insurance" language that provides that coverage under the Travelers Policy is excess over any other coverage available as an additional insured.

**Background Facts**

18.    3 World Trade Center, LLC ("3 WTC") lease the 58th floor of 3 World Trade Center located at 175 Greenwich Street, New York, NY to IEX.

19.    IEX in turn hired JRM to serve as the construction manager/general contractor on a renovation project at 3 World Trade Center (the "Project").

20.    By way of contract dated September 16, 2014, JRM hired Rivco to complete the drywall and ceiling installation work at the Project.

21.    By purchase order dated July 1, 2018 (the "Purchase Order"), Rivco hired Island Taping to perform all necessary taping work at the project in conjunction with the drywall and ceiling installation work.

22.    Pursuant to the terms of the Purchase Order, Island Taping agreed to maintain commercial general liability insurance naming Rivco, as well as the "General Contractor, Owner, Architect, and Consultants" on the Project as additional insureds on a primary and non-contributory basis.

23.    In the Underlying Action, the Claimant alleges that, on August 15, 2018, a sheetrock taper bumped into the ladder she was on and caused her to lose her balance and sustain injuries.

24.    In the Underlying Action, the Claimant asserts direct causes of action against Rivco, JRM and IEX seeking to recover for her injuries based on theories of negligence.

25.    Travelers is defending Rivco, JRM and IEX in connection with the Underlying Action.

26.    In the Underlying Action, the Claimant seeks to impose liability on Rivco, JRM and IEX for alleged bodily injury which arose out of the acts or omissions of Island Taping or those acting on Island Taping's behalf.

**Tenders to Falls Lake**

27.    By letter correspondence dated September 22, 2022, Travelers tendered the defense and indemnity of Rivco to Falls Lake.

28.    On December 2, 2022, Falls Lake denied Travelers' tender on the ground that there was no evidence of Island Taping's involvement in the incident and the investigation is still ongoing.

29.    By email correspondence dated April 19, 2023 and May 17, 2023, Travelers re-tendered the defense and indemnity of Rivco as well as JRM and IEX to Falls Lake.

30.    By letter correspondence dated August 18, 2023, Travelers re-tendered the defense and indemnity of Rivco, JRM, and IEX to Falls Lake.

31.    To date, Falls Lake has failed and refused to accept the defense and indemnity of Rivco, JRM, and IEX in connection with the Underlying Action.

32.    Accordingly, Travelers seeks a declaration that Falls Lake has an obligation to defend and indemnity Rivco, JRM, and IEX as additional insureds; that the coverage provided by the Falls Lake Policy is primary; and that Travelers' obligation to Rivco, JRM, and IEX in the Underlying Action is excess to proper exhaustion and full payment of the limits of the Falls Lake Policy.

33.    In addition, Travelers seeks an award at law and equity against Falls Lake for

recovery of all sums Travelers has incurred and continues to incur in the defense of Rivco, JRM, and IEX in the Underlying Action because the coverage provided by the Falls Lake Policy is primary to any coverage provided by Travelers.

<u>**Claim for Declaratory Relief**</u>

Wherefore, Plaintiff Travelers respectfully requests that this Honorable Court issue a judgment as follows:

1. Declaring that the Falls Lake Policy was in full force and effect on the date of the alleged accident.

2. Declaring that all terms and conditions of the Falls Lake Policy have been complied with and met.

3. Declaring that the alleged accident and the Underlying Action falls within the coverage afforded by the Falls Lake Policy.

4. Declaring that Falls Lake owes a duty to defend Rivco, JRM, and IEX in connection with the Underlying Action.

5. Declaring that Falls Lake owes a duty to indemnify Rivco, JRM, and IEX in connection with the Underlying action.

6. Declaring that Falls Lake's coverage obligation to Rivco, JRM, and IEX in connection with the Underlying Action is primary.

7. Declaring that Plaintiff Travelers' coverage obligation under the Travelers Policy is excess to those of Falls Lake with respect to the Underlying Action.

8. Declaring that an actual controversy exists between Plaintiff Travelers and Defendant Falls Lake with respect to Falls Lake's duty to defend and indemnify Rivco, JRM, and IEX in connection with the Underlying Action.

9. Granting an award in favor of Plaintiff Travelers against Defendant Falls Lake for all sums Travelers has paid in defending Rivco, JRM, and IEX as to the Underlying Action.

10. Granting such other and further relief as the Court may deem just and proper.

Dated: Hartford, Connecticut
October   , 2024

USERY & ASSOCIATES

By: */s/ Logan A. Carducci*
Logan A. Carducci, Esq.
*Attorneys for Plaintiff—*
*The Travelers Indemnity Company*
Direct: 917.778.6680
Fax: 844.571.3789
Email: lcarducc@travelers.com

Please address all correspondence sent by mail to:

P.O. Box 2996

Hartford, CT 06104-2996

Physical Address:

One Tower Square
Hartford, CT 06183